UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNALIESE G. QUILLEN,<br><br>                  Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                  Defendant. | Case No. C20-1542 RAJ<br><br>~~PROPOSED~~ ORDER GRANTING MOTION FOR ATTORNEY FEES |

This matter is before the Court on Plaintiff's motion for attorney fees in the amount of $2,685.98, pursuant to 42 U.S.C. § 406(b). Dkt. 23. Defendant "neither supports nor opposes" the fee amount requested, but asks the Court to "distinguish between the full amount determined as possible under section 406(b) and the net amount awarded for payment purpose." *See* Dkt. 24 at 2–4.

The Court may award reasonable attorney fees to a successful social security claimant's attorney pursuant to 42 U.S.C. § 406(b). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). The amount of the award cannot exceed 25 percent of a claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). If the Court awarded fees under the Equal Access to Justice Act ("EAJA"), the claimant's attorney must refund to the claimant the

amount of the smaller fee. *See Gisbrecht*, 535 U.S. at 796. The attorney fee award under 42 U.S.C. § 406(b) is paid by the claimant out of the past-due benefits award, not by the losing party, and the claimant's attorney bears the burden of demonstrating the requested fee is reasonable. *See id.* at 807.

When a contingency fee agreement applies, the Court will first look to the agreement to determine whether the claimant's attorney's request is reasonable. *Id.* at 808; *see also Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc). If the fee request is consistent with the fee arrangement and is within the statutory maximum of 25 percent of past-due benefits, the Court then conducts an "independent check" to determine whether the requested fee is reasonable "based on the character of the representation and the results the representative achieved." *See Gisbrecht*, 535 U.S. at 807–08. "A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case'" such that the requested fee "would constitute a windfall." *Crawford*, 586 F.3d at 1148, 1151 (*quoting Gisbrecht*, 535 U.S. at 808).

Plaintiff's attorney requests $2,685.98 in attorney fees. Dkt. 23 at 1. Plaintiff signed a fee agreement agreeing to pay her attorney a fee equal to "25% of all past-due benefits." *See* Dkt. 23-3 at 1. This matches the percentage cap under the statute, and this Court has previously found this to be "a typical fee arrangement in social security

appeals." *See Brazile v. Comm'r of Soc. Sec.*, No. C18-5914, 2022 WL 503779, at *3 (W.D. Wash. Feb. 18, 2022).  There has been no showing that Plaintiff's counsel represented Plaintiff in a substandard way, acted in a manner that caused undue delay, or any other effort or lack of effort that would be out of proportion to Plaintiff's award. *Grisbrecht*, 535 U.S. at 808.  There is no evidence of an excessive delay by Plaintiff's attorney or that a windfall will result from the requested fee.  Further, Defendant does not oppose the amount requested.  *See* Dkt. 24 at 2.

Plaintiff's past due benefits total $29,327.90.  Dkt. 23-4 at 3.  Twenty-five percent of this, $7,331.98, was withheld by the Social Security Administration to pay Plaintiff's "representative for his or her work on [Plaintiff's] case."  *See id*. at 3–4.  Plaintiff's attorney was previously awarded $4,646 under the EAJA.  *See* Dkt. 20.  A refund of the EAJA award to Plaintiff leaves $2,685.98, the amount Plaintiff's attorney is requesting ($7,331.98 - $4,646).  *See* Dkt. 23 at 1l; *Gisbrecht*, 535 U.S. at 796.

After a review of the relevant record, the Court grants Plaintiff's motion, and authorizes an attorney's fee award of $2,685.98, minus any applicable processing fees as allowed by statute, to Plaintiff's attorney, Debra J. Venhaus, at P.O. Box 12488, Mill Creek, WA 98082, in accordance with 42 U.S.C § 406(b).

DATED this 20th of November, 2023.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge